IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAINER F. HUCK, an individual,<br>JOHN ANDERSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGMENT; and<br>CASEY HAMMOND, Exercising Authority<br>of the Director,<br><br>Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS<br><br><br><br>Case No. 2:19-CV-536 TS-PMW<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

This case arises out of the passage of the John D. Dingell, Jr. Conversation, Management, and Recreation Act ("Dingell Act").[1] The Act established the San Rafael Swell Recreation Area.[2] The Act requires the Bureau of Land Management ("BLM") to develop a comprehensive management plan for the area by 2024.[3] Additionally, the Dingell Act designated a number of wilderness areas within Utah.[4] A wilderness designation places certain restriction on the land,

---

[1] Pub. L. No. 116-9, 133 Stat. 580 (Mar. 12, 2019).

[2] *Id.* Title I, Subtitle C, § 1221.

[3] *Id.* Title I, Subtitle C, § 122(c)(1).

[4] *Id.* Title I, Subtitle V, § 1118; *Id.* Title I, Subtitle C, § 1211–55.

1

including no permanent roads, no temporary roads, no use of motor vehicles, motorized equipment, or other form of mechanical transport.[5]

Plaintiffs are individuals who allege that because of their age and physical ailments they can only access these areas with motor vehicle assistance. Plaintiffs seek declaratory and injunctive relief. Defendants seek dismissal, arguing that Plaintiffs lack standing, their claims are not ripe, and the United States has not waived its sovereign immunity. The Court agrees that Plaintiffs have failed to adequately demonstrate standing. Therefore, the Court declines to address Defendants' other arguments.

## II. DISCUSSION

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability."[6] To demonstrate an injury in fact, the burden is on Plaintiffs to show "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."[7] "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured."[8]

---

[5] 16 U.S.C. § 1133(c).

[6] *Lance v. Coffman*, 49 U.S. 437, 439 (2007).

[7] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).

[8] *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972).

2

Plaintiff Huck alleges that he suffers from severe pulmonary disease, which prevents him from walking or hiking. However, he alleges he is an avid off-road motorcyclist. He was previously able to ride his motorcycle on lands that either are or will be closed to motorized vehicles as a result of the Dingell Act. Plaintiff Anderson similarly suffers from physical ailments that require the use of motor vehicle assistance to access the areas at issue. Plaintiffs allege that the closure of these areas will prevent them from accessing them.

This case is similar to the facts of the seminal standing case *Lujan v. Defenders of Wildlife*. In *Lujan*, wildlife conservation and other environment groups challenged a decision to limit the geographic scope of the Endangered Species Act to the United States and the high seas.[9] To support their claim for standing, the plaintiffs submitted two affidavits from their members. In the first affidavit, an individual stated that she had traveled to Egypt in 1986 to observe the traditional habitat of the endangered Nile crocodile and intended to do so again.[10] Another affiant stated that she had travelled to Sri Lanka in 1981 to observe the habitat of the Asian elephant and leopard.[11] She went on to state that she intended to return to Sri Lanka in the future but could not say when.[12] Both affiants stated that the decision to limit the geographic scope of the Endangered Species Act threatened the endangered species they intended to observe in the future because of certain projects being conducted in those areas.

---

[9] *Lujan*, 504 U.S. at 558–59.
[10] *Id.* at 563.
[11] *Id.*
[12] *Id.* at 563–64.

The Supreme Court held that these statements were insufficient to demonstrate an imminent injury to the affiants. The Court noted the fact "[t]hat the women 'had visited' the areas of the projects before the projects commenced proves nothing."[13] The Court went on to state that

> the affiants' profession of an 'inten[t]' to return to the places they had visited before—where they will presumably, this time, be deprived of the opportunity to observe animals of the endangered species—is simply not enough. Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the "actual or imminent" injury that our cases require.[14]

The same result is required here. In their Complaint, Plaintiffs allege that they have been deprived of the opportunity to visit scenic and recreational areas they were previously allowed to visit.[15] In their Verified Memorandum in Opposition to the Motion to Dismiss, Plaintiffs state that they "have both visited those designated areas, and we are now barred or at risk if we attempt to use motor vehicles in those areas."[16] However, as the Supreme Court made clear, the fact that Plaintiffs have visited these areas proves nothing. Absent from either the Complaint or the Verified Memorandum in Opposition is any description of concrete plans to visit the areas at issue. Unlike the affiants in *Lujan*, Plaintiffs do not even allege an intent to return to these areas. Even if they had, those are the type of "some day" intentions that the Supreme Court has found insufficient to demonstrate an actual or imminent injury.

---

[13] *Id.* at 564.

[14] *Id.*

[15] Docket No. 1 ¶¶ 1–2.

[16] Docket No. 29, at 10.

Plaintiffs are correct that "a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'"[17] However, Plaintiffs have failed to allege either an intent to engage in conduct proscribed by the statute or a credible threat of prosecution. As set forth above, Plaintiffs have failed to allege a concrete plan to return. Further, the BLM has not issued any citations or otherwise enforced any of the new closures.[18] Therefore, Plaintiffs have failed to demonstrate standing and this action must be dismissed.

III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 24) is GRANTED. Plaintiffs' claims are dismissed without prejudice.

DATED this 6th day of April, 2020.

BY THE COURT:

Ted Stewart
United States District Judge

---

[17] *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (quoting *Babbit v. Farm Workers*, 442 U.S. 289, 298 (1979)).

[18] Docket No. 24 Ex. A ¶ 6. Consideration of the Declaration of Chris Conrad does not require conversion of the instant Motion into one for summary judgment. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) ("A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.") (internal citation omitted).